1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10
11

LAMARTICE, WRIGHT,

Case No. 2:18-cv-02136-RCJ-VCF

12

Petitioner,

**ORDER**

13

v.

14

BRIAN WILLIAMS, et al.,

15

Respondents.

16

17   **I.       Introduction**

18          This is a habeas corpus action under 28 U.S.C. § 2254.  Currently before the court is

19   respondents' motion to dismiss.  ECF No. 28.  The court finds that petitioner Lamartice Wright

20   has not exhausted his state-court remedies for grounds 2 and 3.  The court thus grants this motion.

21          Wright has filed a motion for leave to file surreply.  ECF No. 42.  The court denies this

22   motion.

23   **II.      Procedural History**

24          After a jury trial, Wright was convicted in state district court of one count each of

25   conspiracy to commit robbery, robbery with the use of a deadly weapon, battery with the use of a

26   deadly weapon, and battery with the intent to commit a crime.  Ex. 37 (ECF No. 30-2).  Wright

27   appealed, and the Nevada Supreme Court affirmed.  Ex. 55 (ECF No. 30-20).

28

Wright then filed a post-conviction habeas corpus petition in the state court, pro se. Ex. 71 (ECF No. 30-36). The state district court initially denied the petition. Ex. 73 (ECF No. 30-38). Wright appealed, and the Nevada Supreme Court reversed and remanded for the appointment of counsel to assist Wright in further post-conviction proceedings. Ex. 80 (ECF No. 31-5).

Back in the state district court, Wright filed a counseled supplemental petition, and then he filed a counseled second supplemental petition. Exs. 85, 95 (ECF Nos. 31-10, 31-20). The state district court held an evidentiary hearing, then it denied the petition for a second time. Exs. 97, 98 (ECF Nos. 31-22, 31-23). Wright appealed. Ex. 100 (ECF No. 31-25). The Nevada Supreme Court transferred the appeal to the Nevada Court of Appeals, which affirmed the denial. Exs. 110, 111 (ECF Nos. 31-36, 31-37).

## III.   Legal Standard

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, the petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

## IV.   Discussion

The issue currently before the court is whether Wright exhausted the claims contained in grounds 2 and 3 of his first amended petition (ECF No. 24). Respondents argue that Wright did not present these claims to the Nevada Supreme Court. This court agrees

### A.   Petitioner Raised the Claims in His Initial Post-Conviction Petition

Ground 2 is a claim that trial counsel provided ineffective assistance by failing to argue that the sentences for battery with intent to commit a crime and battery with the use of a deadly weapon violated the Double Jeopardy Clause because Wright also was convicted and sentenced

1    for robbery with the use of a deadly weapon.  In ground 1(b) of his pro se state post-conviction

2    habeas corpus petition, Wright also claimed that trial counsel failed to argue that battery with the

3    use of a deadly weapon and battery with intent to commit a crime violated the Double Jeopardy

4    Clause.  Ex. 71 (ECF No. 30-36 at 9).  Wright did not mention the conviction for robbery in his

5    pro se petition, but with liberal construction and a review of the record the claim is the same as

6    what he presents now as ground 2.

7         Ground 3 is a claim that trial counsel provided ineffective assistance by failing to move to

8    suppress a suggestive photographic identification.  In ground 1(f) of his pro se state post-

9    conviction habeas corpus petition, Wright presented a jumbled claim that, with liberal

10   construction, trial counsel failed to move to suppress a suggestive photographic lineup.  Ex. 71

11   (ECF No. 30-36 at 24-25).

12        **B.      The First Post-Conviction Appeal Did Not Exhaust Grounds 2 and 3**

13        Regarding the appeal from the first denial of the state post-conviction habeas corpus

14   petition, respondents argue:

15   > Wright did not present any claims in his appeal of the district court's first order
16   > denying him post-conviction relief. . . .  Rather, the Nevada Supreme Court
     > reversed and remanded the district court's order based on the record on appeal. . . .
17   > Therefore, Wright cannot claim exhaustion based on his appeal in case number
     > 64117.

18   ECF No. 28 at 5 (citations omitted).  It is unclear whether respondents are arguing that Wright did

19   not exhaust the claims in grounds 2 and 3 because he did not present claims in that appeal.  If so,

20   then they are incorrect.  As respondents' second sentence notes, the Nevada Supreme Court

21   reviewed the record, which is consistent with its practice in pro se appeals.

22        However, even with the Nevada Supreme Court reviewing the record, grounds 2 and 3

23   were not exhausted in that appeal.  The Nevada Supreme Court held, in relevant part:

24   > The failure to appoint post-conviction counsel prevented a meaningful litigation of
     > the petition.  Thus, we reverse the district court's denial of appellant's petition and
25   > remand this matter for the appointment of counsel to assist appellant in the post-
     > conviction proceedings.
26

27   Ex. 80 at 2 (ECF No. 31-5 at 3).  In other words, that was not the end of the state post-conviction

28   proceedings.  The Nevada Supreme Court did not rule on the merits of Wright's claims, nor did it

1   deny relief for procedural reasons.  It sent the case back to the state district court for appointment

2   of counsel and further litigation on the post-conviction petition.  At that point in the proceedings,

3   Wright had not yet gone through one complete round of state post-conviction proceedings.  See

4   Boerckel, 526 U.S. at 845.

5        Petitioner's argument that the Nevada Supreme Court had all the information it needed to

6   rule on the merits of grounds 2 and 3 do not persuade the court.  See ECF No. 36 at 8.  For

7   Wright's argument to be correct, he could have filed a petition under 28 U.S.C. § 2254 in this

8   court immediately after the Nevada Supreme Court reversed and remanded, while grounds 2 and

9   3 still were pending in the state courts, and those grounds would have survived an exhaustion

10  challenge.  Clearly, that would not happen.  Either the court would have ruled that the grounds are

11  unexhausted, or, as is often the case with counseled federal petitions, Wright would have moved

12  to stay the federal petition until the state post-conviction proceedings concluded.  Consequently,

13  the fact that the Nevada Supreme Court could have ruled on the merits instead of remanding for

14  further development of Wright's claims cannot by itself mean that grounds 2 and 3 are exhausted.

15          **C.      Grounds 2 and 3 Existed After Remand**

16       Wright next argues that on remand the Nevada Supreme Court limited the state post-

17  conviction litigation to the claim now contained in ground 1.[1]  Therefore, no state corrective

18  process existed for Wright to exhaust the claims in grounds 2 and 3.  ECF No. 36 at 9-10 (citing

19  28 U.S.C. § 2254(b)(1)(B).  The court disagrees.  The Nevada Supreme Court held, in relevant

20  part:

21          We conclude that the facts in this case weighed in favor of appointing counsel.
            Appellant's petition arose out of a trial with issues that require development of
22          facts outside the record.  For example, there is nothing in the record regarding
            whether a plea offer was made by the State, and if a plea offer had been made,
23          whether it was conveyed to appellant by his counsel. . . .

24  Ex. 80 at 2 (ECF No. 31-5 at 3) (emphasis added).  Wright focuses on the Nevada Supreme

25  Court's mention of one claim for relief, without acknowledging that the Nevada Supreme Court

26  mentioned the claim as an example of a claim that would benefit from appointment of counsel.

27  _____

28  [1] Ground 1 is a claim that trial counsel failed to convey a favorable plea offer from the prosecution to Wright.
    Respondents do not argue that Wright failed to exhaust ground 1.

4

The Nevada Supreme Court was doing nothing other than providing a reason why the state district court should have appointed counsel.

The court also disagrees that Wright's counsel in the state post-conviction proceedings interpreted the Nevada Supreme Court's remand as limited only to the claim in ground 1.  Wright filed a counseled first supplemental state petition.  Ex. 85 (ECF No. 31-10).  First, in Nevada's post-conviction practice, appointed counsel may file a supplement to the petition.  Nev. Rev. Stat. § 34.750(3).  A supplement adds to already existing grounds.  In contrast, an amended petition supersedes all previous petitions.  Post-conviction counsel's act of filing a supplement thus did not drop all of the claims in Wright's pro se petition.  Second, in that supplemental petition, he argued that trial counsel failed to convey the favorable plea offer, and he raised a cumulative-error claim.  Ex. 85 at 14 (ECF No. 31-10 at 15).  A cumulative-error claim would make no sense if the supplemental petition dropped all prior grounds.  With only one other claim in the supplemental petition, there were no errors to cumulate.  The cumulative-error claim could only have referred to Wright's claims of ineffective assistance of trial counsel and appellate counsel in his pro se petition.

The claims from the pro se petition thus remained, but what happened to them?  Two possibilities present themselves.  First, the state district court never has ruled on the claims, and they still are pending decision.  Second, the state district court implicitly denied the claims in the pro se petition.  The court finds that this is the likelier of the two possibilities.  First, at the state-court evidentiary hearing, the judge stated, "So I want—I wanted to make it—make it clear that the reason why we're having the hearing today based on a claim of ineffective assistance of counsel, the paramount claim was his failure to offer—or his attorney's ineffectiveness for failure to extend an offer."  Ex. 93 at 38 (ECF No. 31-18 at 39) (emphasis added).  The use of the emphasized phrase implies that the judge was aware of the other claims of ineffective assistance of counsel; he just did not think that they were as important and that he did not need to extend the evidentiary hearing to those claims.  Second, in the order denying the petition, the state district court ruled, "After considering the pleadings, the Court finds that Defendant's claims of ineffective assistance of counsel are belied by the record, and are therefore insufficient to entitle

1   Defendant to relief.  Accordingly, this Court now orders that Defendant's Petition by DENIED."

2   Ex. 98 at 3 (ECF No. 31-23 at 4) (emphasis added).  Again, the state district court recognized that

3   ineffective-assistance claims other than the claim that counsel failed to convey a plea offer

4   existed, and the state district court denied them with the briefest of mentions.  In short, the claims

5   in the pro se petition continued up to and including the state district court's second denial of

6   Wright's post-conviction petition.

7           **D.      Wright Did Not Raise Grounds 2 and 3 on the Second Post-Conviction Appeal**

8           Wright presented only one claim on appeal from the second denial of the post-conviction

9   petition:  That trial counsel failed to convey a favorable plea offer to Wright.  Ex. 108, Part 1

10  (ECF No. 31-33).  Wright did not even present the cumulative-error claim that he had raised in

11  his first supplemental petition.  Counsel represented Wright at this stage, so the Nevada appellate

12  courts did not conduct reviews of the record.  By not raising the claims now contained in grounds

13  2 and 3, Wright did not exhaust them.

14          **E.      Wright Has Not Demonstrated Cause to Excuse Anticipatory Procedural**

15  **Default**

16          Wright argues in the alternative that if the court finds that grounds 2 and 3 are not

17  exhausted, then the court should deem them to be procedurally defaulted because the state courts

18  would use state-law procedural bars to deny any subsequent state post-conviction petition.  ECF

19  No. 36 at 10-12 (citing Nev. Rev. Stat. §§ 34.726(1), 34.810).  These statutes allow a petitioner to

20  demonstrate cause and prejudice to excuse the procedural bars.  Nevada's for cause and prejudice

21  are functionally identical to the federal standards for cause and prejudice, with one exception.

22  Robinson v. Ignacio, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004).  That exception is for a

23  procedurally defaulted claim of ineffective assistance of trial counsel, when the cause for the

24  default is the ineffective assistance or absence of post-conviction counsel in the initial post-

25  conviction proceedings, and the state requires the petitioner to bring a claim of ineffective

26  assistance of trial counsel in the initial post-conviction proceedings.  Dickens v. Ryan, 740 F.3d

27  1302, 1319 (9th Cir. 2014) (citing Trevino v. Thaler, 569 U.S. 413, 423 (2013)).  See also

28  Martinez v. Ryan, 566 U.S. 1 (2012).  Nevada has not adopted Martinez for its state-law

6

1    procedural bars. <u>Brown v. McDaniel</u>, 331 P.3d 867 (Nev. 2014). Thus, Wright argues, returning

2    to state court would be pointless, and the court should determine now whether he can show cause

3    under <u>Martinez</u> for the anticipatory procedural default of grounds 2 and 3.

4        The court disagrees. The procedural default, if any, occurred when Wright's post-

5    conviction counsel did not raise the claims in grounds 2 and 3 on appeal from the second denial

6    of his state post-conviction petition. <u>Martinez</u> applies only to the initial post-conviction

7    proceedings in the state district court. <u>Martinez</u> specifically does not apply when the procedural

8    default occurs because a petitioner does not appeal the denial of a claim. 566 U.S. at 16.

9    <u>Martinez</u> thus would not give Wright any relief from the failure to exhaust grounds 2 and 3.

10        **F.    The Court Denies the Motion for Leave to File Surreply**

11        Wright filed a motion for leave to file surreply. ECF No. 42. He argues that a surreply is

12    necessary because respondents argued for the first time in their reply that petitioner

13    fundamentally altered grounds 2 and 3, thus making them unexhausted. ECF No. 42 at 2 (citing

14    ECF No. 41 at 2-4). Wright wants to address that argument. A surreply is unnecessary. The

15    court disagreed with respondents' argument in the reply without needing a surreply.

16    **V.    Conclusion**

17        The first amended petition (ECF No. 24) is mixed, containing both claims exhausted in

18    state court and claims not exhausted in state court, and it is subject to dismissal. <u>See Rose v.

19    Lundy</u>, 455 U.S. 509, 521-22 (1982); <u>Szeto v. Rushen</u>, 709 F.2d 1340, 1341 (9th Cir. 1983).

20        IT THEREFORE IS ORDERED that respondents' motion to dismiss (ECF No. 28) is

21    **GRANTED**. Grounds 2 and 3 are unexhausted.

22        IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from the date of

23    entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial

24    dismissal of grounds 2 and 3, or for other appropriate relief. Within fourteen (14) days of filing

25    such motion, petitioner must file a signed declaration under penalty of perjury pursuant to 28

26    U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he

27    has read the motion, and that he has authorized that the relief sought therein be requested. Failure

28    to comply with this order will result in the dismissal of this action.

IT FURTHER IS ORDERED petitioner's motion for leave to file surreply (ECF No. 42) is **DENIED**.

DATED:  August 9, 2021.

ROBERT C. JONES
United States District Judge